IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEAN OBEIDALLAH,**

    **Plaintiff,**

                                        **Case No. 2:17-cv-720**
                                        **Chief Judge Edmund A. Sargus, Jr.**
    **v.**                                      **Magistrate Judge Elizabeth P. Deavers**

**ANDREW B. ANGLIN,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Conduct Limited Discovery in Aid of Service and Extend Time for Service. (ECF No. 17.) For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART and DENIED IN PART**.

**I.**

This action was filed on August 16, 2017. (ECF No. 1.) In his Motion, Plaintiff details his multiple attempts to effect service over Defendant Andrew B. Anglin, both in his capacity as an individual Defendant and as the registered agent for Defendant Moonbase Holdings, LLC ("Moonbase Holdings"). (ECF No. 17 at 1, 5–11.) Plaintiff hired a licensed professional private investigation agency, InfoCorp Investigative Services, LLC ("InfoCorp"), to assist in locating and serving Defendants. (Declaration of Tina L. Schroeder, ¶¶ 2–3, ECF No. 17-1 ("Schroeder Decl.").) InfoCorp gathered and reviewed reports from multiple sources, including information taken from proprietary databases and from publicly-available materials, to identify Defendant

Anglin's address. (*Id*. at ¶¶ 4–7.) This information revealed the following five last-known addresses for Defendant Anglin:

      a.      6827 North High Street, Suite 121, Worthington, OH 43085-2517;

      b.      7407 Brandshire Lane, Apartment B, Dublin, OH 43017-3400;

      c.      918 Colony Way, Columbus, OH 43235-1720;

      d.      979 High Street, Suite 2, Worthington, OH 43085-4047; and

      e.      364 West Lane Avenue, Apartment 117, Columbus, OH 43201-1000.

(*Id*. at ¶ 8.)

On September 8, 2017, the Court issued summonses directed to Defendant Anglin at the five addresses and to Defendant Moonbase Holdings c/o Defendant Anglin at the North High Street address. (ECF No. 13.) InfoCorp attempted to effect personal service on Defendant Anglin at each of the five addresses in September and October 2017, including two attempts at the North High Street and Colony Way addresses and three attempts at the West Lane Avenue address. (*Id*. at ¶ 10.) All of these service attempts were unsuccessful. (*Id*.) Based on the information it collected, InfoCorp has concluded that Defendant Anglin does not reside at any of the five addresses identified above. (*Id*. at ¶¶ 10–12.)

Plaintiff also contends that Defendant Anglin is actively concealing his location and purposely evading service of process. Plaintiff notes that, in its fifteen-year history, InfoCorp "finds it unusual to find an individual in their early-30s who lacks an established residential address." (Schroeder Decl., ¶ 14.) Plaintiff also explains that Defendant Anglin is named in another action captioned *Gersh v. Anglin*, Case No. 9:17-cv-50, filed in the United States District Court for the District of Montana ("the Montana action"). (ECF No. 17 at 9.) The plaintiff in the Montana action has attempted service on Defendant Anglin at seven last known addresses

and has been similarly unsuccessful to date in serving Defendant Anglin.  (ECF No. 17 at 4–5, 9; ECF No. 17-2 (affidavit of non-service filed in the Montana action).)  Plaintiff also cites to information suggesting that Defendant Anglin's family and girlfriend are helping him avoid service of process.  (ECF No. 17 at 9–10; Schroeder Decl., ¶ 12; ECF No. 17-2.)  Plaintiff points to other information indicating that Defendant Anglin is purposely concealing his physical address.  (ECF No. 17 at 11.)  Plaintiff further refers to Defendant Anglin's posts on the internet since this action was filed, which Plaintiff believes show Defendant Anglin is aware of this litigation and "openly mocking the Court[.]"  (*Id*. at 4, 10.)  Finally, Plaintiff has emailed both Defendant Anglin and Marc Randazza, an attorney who may represent Defendant Anglin, seeking their cooperation in effecting service, but Plaintiff has not received any response.  (*Id*. at 14.)

The deadline for effecting service of process is November 14, 2017.  Fed. R. Civ. P. 4(m).  Plaintiff moves for an additional 90 days to February 12, 2018, in which to effect service on Defendants.  (ECF No. 17.)  Plaintiff also seeks expedited discovery related to Defendant Anglin's address.  (*Id*.)

**II.**

Federal Rule of Civil Procedure 4 provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).  "Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made."  *Malibu Media, LLC v. Downs*,

3

No. 1:14-cv-707, 2015 WL 12734020, at *1 (S.D. Ohio Feb. 9, 2015) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

In this case, Plaintiff has hired a licensed professional private investigation agency, InfoCorp, to assist in locating and serving Defendants. InforCorp has researched public and private databases in order to locate Defendants and has attempted to serve Defendant Anglin at several last known addresses on multiple occasions. Plaintiff has also pointed to information demonstrating that identifying Defendant Anglin's current address has been difficult. Based on this record, the Court concludes that Plaintiff has shown good cause exists for extending the service deadline. Accordingly, Plaintiff's request for an extension of time to effect service is **GRANTED**. (ECF No. 17.) Plaintiff must effect service over Defendants by **FEBRUARY 12, 2018**.

### III.

Plaintiff also seeks expedited discovery to assist in locating Defendant Anglin's location in order to effect service of process.

Federal Rule of Civil Procedure 26 prohibits discovery before the Rule 26(f) conference except under certain circumstances, including when a court orders such discovery. Fed. R. Civ. P. 26(d)(1). Thus, Rule 26(d) vests the district court with discretion to order expedited discovery. *See Lemkin v. Bell's Precision Grinding*, No. 2:08-CV-789, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) (citing *Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)). Courts considering a motion for expedited discovery typically apply a good cause standard. *Lemkin*, 2009 WL 1542731, at *2; *see also* 8A Fed. Prac. & Proc. Civ. § 2046.1 (3d ed.) ("Although the rule [26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for

immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard."). The burden of demonstrating good cause rests with the party seeking the expedited discovery. *Lemkin*, 2009 WL 1542731, at *2 (citations omitted).

Another court in this circuit previously discussed the following considerations when determining whether good cause exists:

> "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, 2:07–cv–450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. *Caston v. Hoaglin*, No. 2:08–cv–200, 2009 WL 1687927, at *2 (S.D. Ohio June 12, 2009). The scope of the requested discovery is also relevant to a good cause determination. *Russell v. Lumpkin*, No. 2:10–cv–314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). Ultimately, the Court retains broad discretion in establishing the timing and scope of discovery [(citing *Lemkin*, 2009 WL 1542731, at *2)].

*Luxottica Retail N. Am., Inc. v. Vision Serv. Plan*, No. 1:14–cv–581, 2014 WL 4626015, at *3 (S.D. Ohio Sept. 12, 2014) (acknowledging further that "there is little binding authority on the issue of expedited discovery in the Sixth Circuit, and district courts are split on the appropriate standard"); *see also N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016) ("Within this Circuit, district courts have found good cause for granting expedited discovery when the true identities of the defendants are unknown, when the moving party alleges infringement, when the scope of the discovery sought is narrow, and when expedited discovery would substantially contribute to moving the case forward."); *Barrette Outdoor Living, Inc v. Does*, No. 1:16 CV 914, 2016 WL 1588672, at *2 (N.D. Ohio Apr. 20, 2016) ("Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information

sought."); *Malibu Media, LLC v. Doe*, No. 2:15-cv-488, 2015 WL 12732852, at *1 (S.D. Ohio Feb. 4, 2015) (finding good cause in the context of a copyright infringement case where the plaintiff showed that it could not meet its service obligation under Rule 4(m) without the requested discovery from a non-party internet service provider to discover a Doe defendant's identity).

In this case, Plaintiff, through the assistance of InfoCorp, has taken diligent efforts to locate and serve Defendant Anglin. While these efforts reflect that Defendant Anglin is living in or around Worthington, Ohio, Plaintiff represents that he is unable to confirm Defendant Anglin's current address. (ECF No. 17 at 5–9.) Plaintiff contends that the likelihood of locating Defendant Anglin's "residence without limited discovery is slim even though he is likely in the area." (*Id*. at 9.) Plaintiff therefore seeks leave to engage in the following discovery:

- Third-party document subpoenas to various entities upon which Defendant Anglin relies or has relied to publish the *Daily Stormer* and collect funds to promote it, including web hosts, domain registrars, internet-service providers, telephone companies, banks, and residential and commercial-leasing companies;

- Third-party document subpoenas to particular government entities, including the United States Post Office;

- Deposition and document subpoena to Mr. Greg Anglin in connection with his registration of the trade name "Andrew Anglin" as the "authorized representative" of his son, and his communications with his son, Defendant Anglin, or knowledge of his location;

- Deposition and document subpoena to Mr. Mitchell Anglin in connection with his communications with his brother, Defendant Anglin, or knowledge of his location; and

- Any other discovery necessary for the limited purpose of identifying, locating, and serving Defendant Anglin in this action.

(*Id.* at 13.)

Although recognizing Defendants' apparent attempts to conceal his whereabouts and evade service, the Court cannot, at this juncture, authorize the broad requests for expedited discovery Plaintiff seeks. The Court acknowledges that locating Defendants has proven both challenging and frustrating. Yet, the Court is not persuaded that the present record establishes the good cause necessary to warrant the breadth of expedited discovery Plaintiff seeks and that he has exhausted all his efforts in this regard. For instance, Plaintiff indicates that he is pursuing other avenues to effect service of process, such as contacting Defendants' attorneys who may cooperate to facilitate service, and, among other means, certified mailings. (ECF No. 17 at 14.)

Most concerning to the Court, however, is the scope of Plaintiff's requested discovery. Plaintiff does not specifically identify the "various entities" on which he seeks to serve third-party document subpoenas and what specific information those proposed subpoenas would request. (ECF No. 17 at 13.) Similarly, other than naming the United States Post Office, Plaintiff does not identify which "government entities" from which he seeks discovery, what information he would ask of those entities, and the authority for doing so. (*Id.*) Plaintiff seeks to subpoena and depose Greg Anglin and Mitchell Anglin, but he has not shown that the need for such discovery, in consideration of the administration of justice, outweighs the prejudice to these individual third parties, particularly where the record reflects that Plaintiff has not exhausted his attempts locate and serve Defendant Anglin. (*Id.*) Finally, when seeking leave to conduct "[a]ny other discovery necessary for the limited purpose of identifying, locating, and serving Defendant Anglin in this action[,]" Plaintiff does not sufficiently explain or specify what discovery he deems necessary. Granting such a broad request would be inconsistent with Rule 26(d). *Cf. Luxottica Retail N. Am., Inc.*, 2014 WL 4626015, at *3. While this Court has previously

7

permitted narrow discovery limited to an internet service provider in the context of discovering a defendant's identity in a copyright infringement action, *see Malibu Media, LLC*, 2015 WL 12732852, at *1, here, Plaintiff provides only a passing reference to his need for expedited discovery to uncover the identifies of the Doe Defendants in this action.  (ECF No. 17 at 15.)  Plaintiff has not explained what steps, if any, he has taken to identify these Doe Defendants or otherwise provided good cause for this particular request.  Based on the present record, the Court therefore concludes that Plaintiff has not established the necessary good cause necessary and that the Court's discretion is best exercised in denying the request for expedited discovery.  Should Plaintiff narrow the scope of his requests, and provide the requisite specificity to demonstrate his need, the Court will again take the matter under advisement.  Accordingly, as it relates to this request, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

## IV.

In sum, Plaintiff's Motion for Leave to Conduct Limited Discovery in Aid of Service and Extend Time for Service (ECF No. 17) is **GRANTED IN PART and DENIED IN PART** consistent with the foregoing.

**IT IS SO ORDERED.**


Date: November 9, 2017                               /s/ *Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                              UNITED STATES MAGISTRATE JUDGE