IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEAN OBEIDALLAH, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW B. ANGLIN, <br>   DBA *Daily Stormer*, <br><br> and <br><br> MOONBASE HOLDINGS, LLC, <br>   DBA Andrew Anglin, <br><br> and <br><br> JOHN DOES NUMBERS 1–10, <br>   Individuals who also assisted in the publication or representation of false statements regarding <br>   Mr. Obeidallah, <br><br> Defendants. | CASE NO. 2:17-CV-00720-EAS-EPD <br><br> Chief Judge Edmund A. Sargus <br><br> Magistrate Judge Elizabeth Preston Deavers |
| **PLAINTIFF'S STATUS REPORT ON MOTION FOR DEFAULT JUDGMENT** ||

**PLAINTIFF'S STATUS REPORT ON MOTION FOR DEFAULT JUDGMENT**

In accordance with the Court's August 20, 2018 Opinion and Order, ECF No. 39, Plaintiff Dean Obeidallah submits the following status report regarding his efforts to file a Motion for Default Judgment. For reasons set forth herein, Mr. Obeidallah respectfully requests leave to file a Motion for Default Judgment against Defendant Moonbase Holdings, LLC and Defendant Andrew Anglin on or before Friday, November 16, 2018, or in the alternative to file a written status report justifying the need for additional time.

## I. EFFORTS TO SERVE PARTICULAR THIRD-PARTY SUBPOENAS

The Court issued an Opinion and Order on August 20, 2018 authorizing Mr. Obeidallah to direct document and deposition subpoenas to: (1) Jon J. Zappitelli CPAs, Inc. ("Zappitelli Inc."); and (2) Greg Anglin. The Court directed Mr. Obeidallah to "carefully articulate requests to avoid objections based on scope and relevance." Ord. 10, ECF No. 39. Consistent with that directive, Mr. Obeidallah's counsel further narrowed the requests originally submitted to the Court as an exhibit to Plaintiff's Motion for Limited Discovery in Aid of Default Judgment Against Defendant Moonbase Holdings, LLC, ECF No. 31-1. These narrowed subpoenas seek information relevant to Plaintiff's forthcoming Motion for Default Judgment, including information related to the insolvency of Moonbase Holdings, LLC, and the appropriate apportionment of liability and damages between Defendants. *See* Ord. 9, ECF No. 39. The subpoenas to both Zappitelli Inc. and Greg Anglin were transmitted to a process server on August 30, 2018.

With regard to Zappitelli Inc., the process server effected in-person service of its registered agent, Shamus B. Cassidy, Esq., on September 5, 2018. The subpoenas directed to Zappitelli Inc. required that responsive documents be produced on or before Wednesday, September 19, 2018, and a 30(b)(6) deposition was scheduled for Tuesday, September 25, 2018. Mr. Cassidy, the attorney who

serves as Zappitelli Inc.'s registered agent, indicated he did not represent Zappitelli Inc. and that the entity was not represented by counsel.

Mr. Obeidallah's counsel has since had numerous conversations with Mr. Zappitelli and his wife, Karen Zappitelli, both of whom work at Zappitelli Inc. but perform different functions. Mr. Zappitelli has represented that—on Wednesday, September 19, 2018—he, on Zappitelli Inc.'s behalf, produced all materials responsive to the document subpoena. In addition, in lieu of the 30(b)(6) deposition scheduled for Tuesday, September 25, 2018, Mr. Zappitelli agreed to provide shortly suitable sworn declarations that might serve as reasonable substitutes for testimony.

As for Greg Anglin, the process server began efforts to effect in-person service on August 30, 2018. The subpoenas originally commanded that Greg Anglin produce responsive documents on or before Wednesday, September 19, 2018, and sit for a deposition on Monday, September 24, 2018. The process server made multiple attempts to serve Greg Anglin at four (4) addresses where he is known to reside or use for business purposes. All of those attempts failed. However, on September 25, 2018, the process server located and served Mr. Greg Anglin. Greg Anglin is currently required to produce responsive documents on or before Friday, October 12, 2018, and sit for a deposition on Tuesday, October 16, 2018.

## II. COMPLETION OF DAMAGES ANALYSIS IN CONNECTION WITH DEFAULT JUDGMENT

This Court has stated that, "[w]hen a defendant is in default, plaintiff's well-pled factual allegations relating to liability are normally accepted as true . . . . [whereas] allegations as to damages are not accepted as true." *Wells v. Rhodes*, No. 2:11-CV-00217, 2011 WL 13159960, at *1 (S.D. Ohio Aug. 2, 2011) (Sargus, J.) (citation omitted); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved."). To assist with meeting this burden, Mr. Obeidallah, by and through counsel, has retained a well-qualified expert familiar with assessing damages in defamation-type cases.

This expert was retained on August 31, 2018 but, due to Defendants' refusal to enter an appearance in this action, the expert has effectively been denied access to relevant evidence beyond that which can be found in public forums. *Cf. Lake View Labs., Inc. v. H2Ocean, Inc.*, No. 2:14-CV-14374-RLR, 2014 WL 12605140, at *1 (S.D. Fla. Nov. 20, 2014) ("Statutory damages are especially favored in default cases because the defendant's failure to participate in litigation effectively denies to plaintiff the opportunity to take discovery concerning the extent of the infringement and Defendants' profits.").

In the interest of efficiency, and to ensure the expert is working from a complete evidentiary record (or, as near complete as Mr. Obeidallah can hope to achieve), the expert will likely complete his analysis after Mr. Obeidallah obtains the Court-authorized discovery from Zappitelli Inc. and Greg Anglin discussed above in Part I. Assuming Greg Anglin sits for his deposition on Tuesday, October 16, 2018, Mr. Obeidallah is confident that the expert can complete his damages analysis on or before Friday, November 16, 2018.

*    *    *    *

Based on the foregoing, Mr. Obeidallah respectfully requests the Court's leave to file a Motion for Default Judgment on or before Friday, November 16, 2018, or in the alternative to file a written status report justifying the need for additional time. This provides Mr. Obeidallah approximately one month after Greg Anglin's scheduled deposition to prepare and file the Motion for Default Judgment. It also recognizes that the schedule for Greg Anglin's subpoena compliance could change, such as if Mr. Obeidallah and Greg Anglin agree to an alternative date for his deposition, or if Greg Anglin files any objections to the subpoenas.

Dated: October 1, 2018

Respectfully submitted,

/s/ *Subodh Chandra   (Trial Counsel)*

| | |
|---|---|
| Abid R. Qureshi (D.C. Bar No. 459227) | Subodh Chandra (OH Bar No. 0069233) |
| LATHAM & WATKINS LLP | Donald Screen (OH Bar No. 0044070) |
| 555 Eleventh St., NW, Suite 1000 | THE CHANDRA LAW FIRM LLC |
| Washington, D.C. 20004-1304 | 1265 W. 6th St., Suite 400 |
| Phone: 202.637.2200 Fx: 202.637.2201 | Cleveland, OH 44113-1326 |
| abid.qureshi@lw.com | Phone: 216.578.1700 Fx: 216.578.1800 |
| | Subodh.Chandra@ChandraLaw.com |
| | Donald.Screen@ChandraLaw.com |

Johnathan Smith (D.C. Bar No. 1029373)
Juvaria Khan (N.Y. Bar No. 5027461)
MUSLIM ADVOCATES
P.O. Box 66408
Washington, D.C. 20035
Phone: 202.897.1894
johnathan@muslimadvocates.org
juvaria@muslimadvocates.org

*Attorneys for Plaintiff Dean Obeidallah*

*Admitted pro hac vice*

4