AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| Dean Obeidallah | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:17-CV-00720-EAS-EPD |
| Andrew B. Anglin (d/b/a Daily Stormer), Moonbase Holdings, LLC (d/b/a Andrew Anglin), et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: J.P. Morgan Chase Bank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A in the attached Plaintiff's Subpoena Duces Tecum and Ad Testificum to Greg Anglin

| Place: Encore Delivery Systems Inc.<br>2862 Johnstown Road, Suite 200<br>Columbus, OH 43219 | Date and Time:<br>01/18/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/04/2019

*CLERK OF COURT*

OR [signature]

_____       _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff Dean Obeidallah**, who issues or requests this subpoena, are:

Subodh Chandra, 1265 W. 6th St., Ste 400, Cleveland, OH 44113, subodh.chandra@chandralaw.com, 216-578-1700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:17-CV-00720-EAS-EPD

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEAN OBEIDALLAH,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW B. ANGLIN,<br>    DBA *Daily Stormer*,<br><br>and<br><br>MOONBASE HOLDINGS, LLC,<br>    DBA Andrew Anglin,<br><br>and<br><br>JOHN DOES NUMBERS 1–10,<br>    Individuals who also assisted in the publication or representation of false statements regarding<br>    Mr. Obeidallah,<br><br>    Defendants. | CASE NO. 2:17-CV-00720-EAS-EPD<br><br>Chief Judge Edmund Sargus<br><br>Magistrate Judge Elizabeth Preston Deavers |
| **PLAINTIFF'S SUBPOENA DUCES TECUM TO J.P. MORGAN CHASE BANK, N.A.** ||

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, you are commanded to produce for inspection and copying to Encore Delivery Systems Inc., 2862 Johnstown Road, Suite 200, Columbus, Ohio 43219, on or before Friday, January 18, 2019 at 9:00 a.m. EST, all documents specified in the attached Schedule A, in accordance with the Definitions and Instructions set forth in the attached Schedule A.

This subpoena has been issued by the United States District Court for the Southern District of Ohio. Your failure to comply with this subpoena may be punished as contempt of that court.

Pursuant to the requirements of Rule 45(a)(l)(A)(iv) of the Federal Rules of Civil Procedure, the text of Rule 45(d) and (e) is reproduced in this subpoena.

Respectfully submitted,

DATED: 01/03/2019  /s/ *Subodh Chandra (trial counsel)*

Subodh Chandra (OH Bar No. 0069233)
Donald Screen (OH Bar No. 0044070)  *Attorneys for Plaintiff Dean Obeidallah*
THE CHANDRA LAW FIRM LLC
1265 W. 6th St., Suite 400
Cleveland, OH 44113-1326
Phone: 216.578.1700 Fx: 216.578.1800
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com

Johnathan Smith (D.C. Bar No. 1029373)
Juvaria Khan (N.Y. Bar No. 5027461)
MUSLIM ADVOCATES
P.O. Box 66408
Washington, D.C. 20035
Phone: 202.897.1894
johnathan@muslimadvocates.org
juvaria@muslimadvocates.org
*Admitted pro hac vice*

## SCHEDULE A: REQUESTS FOR PRODUCTION OF DOCUMENTS

### I. DEFINITIONS

The following definitions shall apply to the listed terms wherever used within this Schedule A. The terms shall be given the broadest meaning allowed under the Federal Rules of Civil Procedure.

A. The term "Complaint" means the Complaint filed on August 16, 2017 in *Obeidallah v. Anglin, et al.*, 2:17-CV-00720-EAS-EPD (S.D. Ohio), ECF No. 1.

B. The term "Andrew B. Anglin" means the individual Andrew Barret Anglin, who is identified as a defendant in the Complaint and who: (1) was born in or about ▓ 1984; and (2) whose social security number begins with the digits ▓

C. The term "Moonbase Holdings, LLC" means the limited liability company named Moonbase Holdings, LLC, which was established with the Ohio Secretary of State on September 2, 2016, including when doing business by its registered trade name, Andrew Anglin.

D. The term "Relevant Period" means the period from March 1, 2013 to present.

E. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. A draft or non-identical copy is a separate document within the meaning of this term.

F. The term "Requests" means, collectively, those requests set forth below under the heading "Requests for the Production of Documents."

G. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

H. The terms "you" or "your" means J.P. Morgan Chase Bank, N.A., to whom the Requests are directed, and all of its agents, representatives, and attorneys.

I.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

J.     The use of the singular form of any word includes the plural and vice versa.

## II.     INSTRUCTIONS

The following instructions shall apply to the Requests set forth within this Schedule A.

A.     The Requests seek all responsive Documents in the possession, custody, or control of the person to whom they are directed, including all responsive Documents in the possession, custody, or control of that person's predecessors, agents, representatives, employees, attorneys, consultants, investigators or anyone else acting on their behalf.

B.     Documents responsive to the Requests should be produced as they are kept in the usual course of business. For example, a Document that is part of a file, docket, or other grouping should be physically produced together with all other Documents from such file, docket, or grouping responsive to the Requests, in the same order or manner of arrangement as the original. Alternatively, the Documents can be organized and labeled to correspond to each Request to which those Documents are Responsive.

C.     If, in responding to these Requests, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

D.     Whenever in these Requests you are asked to identify or produce a Document which are deemed by you to be properly withheld from production:

1.     If you are withholding the Document under claim of privilege or protection (including, but not limited to, attorney-client or the work product doctrine), please provide the information set forth in Rule 26(b)(5) of the Federal Rules of Civil Procedure. For

electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") Documents exist and whether those Documents have been produced or withheld.

    2.    If you are withholding the Document for any reason other than an objection that it is beyond the scope of discovery, please identify as to each Document the information requested in the preceding Paragraph D(1) and please state the reason for withholding the Document.

    E.    When a Document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a Document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a Document has been redacted or altered in any fashion, identify as to each Document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted Document.

    F.    It is intended that these Requests will not solicit any material protected either by the attorney-client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which these Requests were served. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure will be required as to such material.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the transactional information during the Relevant Period, including dollar value, date, deposit slips, and images, of any checks deposited into or withdrawn from any account associated with: (a) Andrew B. Anglin; or (b) Moonbase Holdings, LLC.

### REQUEST FOR PRODUCTION NO. 2:

Documents sufficient to show the transactional information during the Relevant Period, including dollar value, date, and deposit slips, of any cash deposited into or withdrawn from any account associated with: (a) Andrew B. Anglin; or (b) Moonbase Holdings, LLC.

### REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to show the history of account balances and transactions during the Relevant Period, including amounts that have been deposited or withdrawn, transferor and transferee names, and transaction descriptions, for any account associated with: (a) Andrew B. Anglin; or (b) Moonbase Holdings, LLC.