UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEAN OBEIDALLAH,

    Plaintiff,

v.

ANDREW B. ANGLIN, *et al.*,

    Defendants.

Case No. 2:17-cv-720
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff Dean Obeidallah's ("Obeidallah's") *Motion for Default Judgment Against Defendants Andrew B. Anglin and Moonbase Holdings, LLC* (ECF No. 44) and *Supplement* (ECF No. 55). Defendants Andrew B. Anglin ("Anglin") and Moonbase Holdings, LLC ("Moonbase") (collectively "Defendants") have not opposed Obeidallah's motion. For the reasons below, the Court **GRANTS in PART** and **DENIES in PART** Obeidallah's *Motion for Default Judgment* and *Supplement*. (ECF Nos. 44 and 55).

**I.**

On August 16, 2017, Obeidallah filed this case against Defendants Anglin, Moonbase, and John Does Numbers 1–10.[1] *See* Compl. at 1 (ECF No. 1). Obeidallah asserts six claims: (1) libel; (2) false light invasion of privacy; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) common law misappropriation of name and likeness; and (6) civil conspiracy. *See id.* at 31–37. As to Anglin and Moonbase, Obeidallah

---

[1] In a footnote, Obeidallah moves the Court to dismiss the Doe Defendants. *See* Mot. for Default J. at 2. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Because the Doe Defendants have not been served, and the complaint was filed more than 90 days ago, the Court **DISMISSES** the Doe Defendants.

moved for, and obtained, entries of default against them when they failed to answer or otherwise respond to Obeidallah's Complaint. *See* Entries of Default (ECF Nos. 26, 38). Since the entries of default, Anglin and Moonbase have still not answered or otherwise responded. As such, Obeidallah now requests the Court to grant default judgment against them on claims 1, 2, 3, and 5. *See* Mot. for Default J. (ECF No. 44); Suppl. (ECF No. 55). Additionally, Obeidallah seeks $250,000 in total compensatory damages and $500,000 in punitive damages from both Anglin and Moonbase, plus fee-shifting recovery of lodestar attorneys' fees and costs as part of the punitive-damages award. In sum, Obeidallah seeks a total recovery of $1,250,000, plus attorneys' fees and costs, for all four claims against Anglin and Moonbase.

Because of the default entries, the Court takes Obeidallah's allegations regarding Anglin and Moonbase's liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations, along with statements from Obeidallah's unrebutted supporting exhibits, below.

Obeidallah is a comedian, political commentator, and "one of the nation's best-known Muslim American comedians" who "hosts the national daily radio program 'The Dean Obeidallah show' on SiriusXM radio." Pl.'s Compl. at ¶ 4. Obeidallah also regularly contributes to news outlets, including CNN and *The Daily Beast*. *Id.*

Anglin owns and operates Moonbase, which is the business entity for his Neo-Nazi website, the *Daily Stormer*. *Id.* at ¶¶ 1, 2. The *Daily Stormer* holds itself out as a news website that is willing to do "the job other news websites won't do." *Id.* at ¶ 2. On June 1, 2017, Anglin wrote and published an article (the "Article") on the *Daily Stormer* titled "Dean Obeidallah, Mastermind Behind Manchester Bombing, Calls on Trump to Declare Whites the Real Terrorists." *Id.* at ¶ 1; *see also* Ex. A.

The Article states that Obeidallah planned and executed the terrorist attack at the Ariana Grande concert in Manchester, United Kingdom, on May 22, 2017 (the "Manchester Bombing"), which resulted in 23 deaths and 250 injuries. *Id.* The Article also declares that Obeidallah celebrated the death of the victims, encouraged others to carry out similar attacks, has fled to Syria, uses his radio show and social media platforms to promote terrorism and violence against non-Muslims, and is a wanted fugitive. *Id.* To bolster these statements, Defendants fabricated tweets that appeared to be authored by Obeidallah and then posted these fake tweets in the Article. *Id.* Finally, the Article encouraged readers to "confront" Obeidallah. *Id.*

After Defendants published the Article, several commenters threatened Obeidallah with death and/or violence. *Id.* at ¶¶ 7–8, 46–51. Obeidallah asserts that, based on these threats, he has suffered emotional distress, fear for his life and personal well-being, and permanent reputational harm. *Id.* at ¶ 9, 59–68. Further, Obeidallah avers that his fears and concerns are compounded by the fact that the *Daily Stormer* is the most-viewed white supremacist / Neo-Nazi website on the Internet. *Id.* at ¶ 64.

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb.

3

10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC*, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

Taking Obeidallah's allegations as true, and after considering his unrebutted supporting exhibits, the Court concludes that Obeidallah has adequately stated his claims and is entitled to monetary relief. Because Obeidallah's evidence does not provide definite figures of his injuries, however, the Court will hold an evidentiary hearing to determine the proper amount of damages.

### III.

Accordingly, the Court **GRANTS in PART** and **DENIES in PART** Obeidallah's *Motion for Default Judgment* and *Supplement*. (ECF Nos. 44, 55). The Court enters judgment in Obeidallah's favor against Defendants regarding liability. To determine the proper amount of damages and fees, the Court will hold an evidentiary hearing at a later date. The Court will notify counsel accordingly.

**IT IS SO ORDERED.**

5-1-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4