UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEAN OBEIDALLAH,

    Plaintiff,

v.

ANDREW ANGLIN, *et al.*,
    Defendants.

Case No. 2:17-cv-720
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff Dean Obeidallah's ("Obeidallah") *Motion to Use Greg Anglin's Deposition Testimony at the Evidentiary Hearing or, in the Alternative, for Leave to Issue a Subpoena for Greg Anglin's Appearance and Testimony* (ECF No. 65). Defendants Andrew Anglin ("Anglin") and Moonbase Holdings, LCC ("Moonbase") (collectively "Defendants") have neither opposed this motion nor otherwise appeared in this case. For the reasons below, the Court **DENIES in PART** and **GRANTS in PART** Obeidallah's Motion.

On August 16, 2017, Obeidallah filed this case against Defendants. *See* Compl. at 1 (ECF No. 1). Obeidallah asserts six claims: (1) libel; (2) false light invasion of privacy; (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress; (5) common law misappropriation of name and likeness; and (6) civil conspiracy. *See id.* at 31–37. Obeidallah moved for, and obtained, entries of default against Defendants when they failed to answer or otherwise respond to Obeidallah's Complaint. *See* Entries of Default (ECF Nos. 26, 38).

On November 16, 2018, Obeidallah requested the Court to grant default judgment against them on claims 1, 2, 3, and 5. *See* Mot. for Default J. (ECF No. 44). Additionally, Obeidallah requested the Court to enter judgment in the amounts of $250,000 in total compensatory damages and $500,000 in punitive damages from both Anglin and Moonbase, plus fee-shifting recovery of

lodestar attorneys' fees and costs as part of the punitive-damages award. Pl.'s Suppl. (ECF No. 55). In sum, Obeidallah sought a total recovery of $1,250,000, plus attorneys' fees and costs, for all four claims against Anglin and Moonbase. *Id.* The Court granted Obeidallah's Motion for Default Judgment, concluding that Defendants are liable on claims 1, 2, 3, and 5. *See* Op. & Order (ECF No. 63). The Court denied Obeidallah's Supplemental Motion requesting the Court to enter judgment on damages, because this case does not involve a sum certain. *See id.* The Court then scheduled a damages hearing (the "Evidentiary Hearing") for June 12, 2019 at 10:00 a.m.

Now Obeidallah moves the Court to authorize the use of Greg Anglin's deposition testimony at the Evidentiary Hearing. Greg Anglin is the father of Defendant Anglin. Greg Anglin also collected contributions from Defendants' fans and readers, and then deposited those contributions into a bank account. Therefore, Obeidallah moved for, and the Court authorized, issuance of a deposition subpoena requiring Greg Anglin to sit for his deposition on October 16, 2018. As discussed *infra*, Obeidallah had difficulty with effectuating the service of, and securing the compliance with, the deposition subpoena. Arguing that these previous difficulties suggest that "undertaking service again is highly impracticable," Obeidallah requests that the Court authorize the use of Greg Anglin's prior deposition testimony at the Evidentiary Hearing in lieu of his live testimony.[1] Pl.'s Mot. at 5.

Federal Rule of Civil Procedure 32 permits the use of deposition testimony against a party on these conditions: (a) the party was present or represented at the taking of the deposition or had reasonable notice of it; (b) the testimony is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (c) the use is allowed

---

[1] On May 15, 2019, counsel who represented Greg Anglin at his deposition stated that he is not authorized to accept service of a subpoena requiring Greg Anglin's appearance and testimony at the Evidentiary Hearing. Pl.'s Mot. at 5. Therefore, Obeidallah must effectuate in-person service of the subpoena. *Id.*

by Rule 32(a)(2) through (8). Fed. R. Civ. P. 32(a)(1). The Court need only address the third condition because Obeidallah fails to establish that it has been satisfied.

Regarding the third element, Obeidallah asserts that Greg Anglin's deposition testimony is allowed by Rule 32(a)(4)(E), which permits a party to use testimony of an unavailable witness, because exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used. Obeidallah argues that "exceptional circumstances" exist based on the extensive difficulties Obeidallah has previously experienced with effectuating service of, and securing compliance with, the deposition and document subpoenas directed to Greg Anglin. Obeidallah summarizes these previous difficulties as follows:

- Over a 24-day period, Obeidallah's process server made multiple attempts to effectuate in-person service on Greg Anglin at four addresses where he was known to reside or conduct business.

- On September 25, 2018, Greg Anglin was successfully served with: (1) a document subpoena requiring compliance on or before October 12, 2018; and (2) a deposition subpoena requiring compliance on October 16, 2018.

- On October 5, 2018, having not received any form of response from Greg Anglin, Obeidallah's counsel emailed him, requesting an opportunity to speak with his attorney. Greg Anglin responded on October 8, 2018, stating that "logistical difficulties have rendered these dates impossible" and that his attorney will respond, "likely prior to the 16th."

- On October 12, 2018, an attorney ("Attorney 1") purporting to represent Greg Anglin contacted Obeidallah's counsel. Attorney 1 stated that Greg Anglin was not prepared to comply with the deadlines set forth in the document or deposition subpoenas and was non-committal as to when Obeidallah could reasonably expect compliance. Later that day, Obeidallah's counsel emailed Attorney 1, proposing that Greg Anglin: (1) comply with the document subpoena on or before October 17, 2018; and (2) sit for his deposition on October 23, 30, or 31, 2018, whichever would be most convenient for him and his attorney. Obeidallah's counsel also requested a response to that proposal by October 15, 2018. Neither Attorney 1 nor Greg Anglin responded to Obeidallah's October 12, 2018 proposal.

3

- On October 17, 2018, Obeidallah's counsel received a voicemail from another attorney ("Attorney 2") purporting to represent Greg Anglin in this matter. Greg Anglin had not complied with the document and deposition subpoenas. Obeidallah's counsel renegotiated Greg Anglin's compliance with Attorney 2.

Status Report at 4–6 (ECF No. 45).

Obeidallah argues that these events highlight how his counsel spent more than three weeks to effectuate in-person service on Greg Anglin, how Greg Anglin repeatedly disregarded the deadlines set forth in those subpoenas, and how his untimely response to the document subpoena was inadequate. As a result, Obeidallah spent significant time and resources to effectuate service. In his view, to avoid a similar experience with the Evidentiary Hearing, the Court should permit Obeidallah to use Greg Anglin's deposition testimony in lieu of live testimony.

Obeidallah has not offered sufficient evidence of exceptional circumstances that suggest Greg Anglin will be unavailable to testify at the Evidentiary Hearing. While Obeidallah has established that Greg Anglin was difficult when scheduling his deposition in October, Obeidallah has not shown that Greg Anglin will be unprocurable through a subpoena. *See McDaniel v. BSN Medical, Inc.*, No. 4:07-CV-36, 2010 WL 2464970, at *4 (W.D. Ky. June 15, 2010) ("How persuasive the evidence must be 'under Rule 32(a)(4)(E) is indicated by its companion provisions. These authorize use of a deposition in lieu of live testimony only where the witness is shown to be unavailable or unable to testify because he is dead; at a great distance; aged, ill, infirm, or imprisoned; or unprocurable through a subpoena.'") (quoting *Allgeier v. United States*, 909 F.2d 869, 876 (6th Cir. 1990)). Although Obeidallah has shown that he previously had trouble serving Greg Anglin with a deposition subpoena, Obeidallah has not established that Greg Anglin is "unprocurable." Therefore, the Court **DENIES in PART** Obeidallah's Motion to Use Greg Anglin's Deposition Testimony at the Evidentiary Hearing.

4

Alternatively, Obeidallah moves the Court for leave to serve a subpoena requiring Greg Anglin's attendance and testimony at the evidentiary hearing scheduled for June 12, 2019.

Federal Rule of Civil Procedure 26 governs discovery and the duties of disclosures. Rule 26(d) provides, in pertinent part, as follows: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P 26(d)(1). The current proceeding is not exempted under Rule 26(a)(1)(B). Therefore, to expedite discovery, Obeidallah must show good cause, which "may be found where the need for expedited discovery, inconsideration of the administration of justice, outweighs the prejudice to the responding party." *Arista Records, LLC v. Does 1–15*, No. 2:07-cv-450, 2007 WL 5254326, at *2 (S.D. Ohio Nov. 5, 2007) (citations and quotations omitted).

Good cause for expedited discovery is frequently found in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff requires evidence to establish damages. *Twitch Interactive, Inc. v. Johnston*, No. 5:16-cv-03404, 2017 WL 1133520, at *4 (N.D. Cal. Mar. 27, 2017) (citing *Sheridan v. Oak Street Mortg., LLC*, 244 F.R.D. 520, 522 (E.D. Wis. 2007); *Adobe Sys., Inc. v. Max Bunhey, et al.*, No. 131365, 2013 WL 12140304, at *2 (C.D. Cal. Oct. 29, 2013)); *see also Antoine v. Bouette*, No. 3:15-cv-561, 2016 WL 6138252, at *4 (M.D. La. Oct. 20, 2016); *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-335, 2010 WL 2353520, at *3 (E.D. Cal. June 9, 2010). Obeidallah asserts that Greg Anglin's previous deposition testimony plays an important role in establishing Obeidallah's requests for compensatory and punitive damages. Further, Obeidallah argues that he would be prejudiced if he is not permitted to establish those same facts at the hearing. The Court agrees. Greg Anglin collected contributions from Defendants' readership and deposited those

contributions into a bank account. Greg Anglin's testimony about those contributions help establish the magnitude of Defendants' gains as well as their ability to satisfy the damages Obeidallah seeks to recover.

Further, Greg Anglin will suffer minimal prejudice by appearing and testifying at the damages hearing. Greg Anglin resides and works in a suburb of Columbus, Ohio, and he retained Attorney 2 to represent him during his recent deposition. The Court also notes that, at Greg Anglin's request, the deposition was taken at Attorney 2's office, which is located less than two miles from the Joseph P. Kinneary U.S. Courthouse, where the Evidentiary Hearing will take place.

For these reasons, Obeidallah has shown good cause to expedite discovery. Accordingly, the Court **GRANTS** Obeidallah's Alternative Motion.

In conclusion, the Court **DENIES in PART** and **GRANTS in PART** Obeidallah's *Motion to Use Greg Anglin's Deposition Testimony at the Evidentiary Hearing or, in the Alternative, for Leave to Issue a Subpoena for Greg Anglin's Appearance and Testimony*. (ECF No. 65). Accordingly, the Court **DENIES** Obeidallah's Motion to Use Greg Anglin's Deposition Testimony at the Evidentiary Hearing. The Court **GRANTS** Obeidallah's Alternative Motion for Leave to Issue a Subpoena for Greg Anglin's Appearance and Testimony.

The Court notes that, if Obeidallah's prediction that Greg Anglin will not appear at the Evidentiary Hearing becomes reality, the Court will then invite Obeidallah to orally move for authorization to use Greg Anglin's deposition testimony at the hearing.

**IT IS SO ORDERED.**

5-28-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6