UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DEAN OBEIDALLAH,

    Plaintiff,

v.

ANDREW B. ANGLIN, *et al.*,

    Defendants.

Case No. 2:17-cv-720
CHIEF JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER

This matter is before the Court on Plaintiff Dean Obeidallah's ("Obeidallah") *Motion for Attorneys' Fees and Costs*. (ECF No. 79.) For the reasons that follow, Obeidallah's Motion is **GRANTED in PART**.

### I.

On May 1, 2019, this Court entered default judgment on liability against Defendants in favor of Obeidallah. The Court then held a hearing on June 12, 2019, and granted Obeidallah: (i) $470,000 in economic damages; (ii) $350,000 in non-economic damages; (iii) $3,280,000 in punitive damages; (iv) a permanent injunction; and (v) "attorneys' fees and costs, to be determined at a later date." (*See* ECF No. 74.)

In accordance with that Order, Obeidallah now moves the Court for an award of $188,993.48 in attorneys' fees and costs, as well as pre-judgment interest. That requested award consists of the following:

- $148,376.06 in fees billed (466.9 hours) by Latham & Watkins LLP ("Latham");
- $38,863.50 in fees billed (86.7 hours) by The Chandra Law Firm ("Chandra Law");
- $573.92 in expenses; and
- $1,180.00 in fees associated (1.3 hours) with the preparation of this Motion.

(Pl.'s Mot. for Att'y Fees and Costs at 1 [ECF No. 79].)

## II.

The method for evaluating fee petitions for claims under Ohio law was set forth in *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 569 N.E.2d 464 (1991). Relying on federal law, the Supreme Court of Ohio found that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* at 145 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation marks omitted). This method is now known as the "lodestar." *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 642 (6th Cir. 2009). The lodestar "produces an award that *roughly* approximates the fee that the prevailing party would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue v. Kenny A.*, 559 U.S. 551 (2010). After calculating the lodestar, the Court may modify that amount upon considering the factors listed in Ohio Rule of Professional Conduct 1.5(a). *Bittner*, 569 N.E.2d at 466.

The Court now turns to the reasonableness of the fees sought. The party seeking fees bears the burden of proving that they are reasonable. *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999).

### A. Hours Reasonably Worked

When assessing what hours are reasonably expended, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Libertarian Party of Ohio v. Husted*, No, 2:11-cv-722, 2013 WL 4833033, at *3 (S.D. Ohio Sept. 11, 2013). "[W]here the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court should focus on the significance of the

overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)) (internal quotation marks omitted).

Obeidallah's counsel request fees resulting from fourteen attorneys and three law clerks spending 556.2 hours litigating this case. Latham and Chandra Law have submitted separate charts reflecting the hours each firm's attorneys worked on this case.

According to Latham's submission, its attorneys worked a total of 466.9 hours, consisting of 169.9 hours in 2017, 350.2 hours in 2018, and 299.5 hours in 2019. Latham notes that its attorneys and support staff spent over 2,000 hours in relation to this action. (*See* Pl.'s Mot. for Att'y Fees at 15.) But Obeidallah only seeks reimbursement for less than 25% of the total time expended because he purposefully excluded: (i) any time expended by Latham's support staff; (ii) most time billed exclusively for internal conferences among Latham attorneys and/or co-counsel; and (iii) time, which, due to Defendants' avoidance of service, required attorneys to handle issues that did not primarily concern legal research and analysis. *Id.* Given the nature and complexity of prosecuting this case, Latham reasonably worked 466.9 hours.

In addition to Latham's work, Chandra Law also expended a significant amount of work on this case. According to Chandra Law's attached invoice, Chandra attorneys spent 86.7 hours litigating this matter. Chandra Law has excluded from its request a substantial amount of performed work. The 86.7 requested hours reflect efforts to comply with service due to difficulty locating Defendants. Under these unique circumstances, Chandra Law's requested amount of work is reasonable.

Chandra Law also seeks attorneys' fees for the 1.3 hours billed in preparing the current Motion. The Sixth Circuit holds that "a lawyer should receive a fee for preparing and successfully

3

litigating the attorney fee case after the original case is over." *Coulter v. Tennessee*, 805 F.2d 146, 150 (6th Cir. 1986) *abrogated on other grounds by The Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016). Therefore, the 1.3 hours Obeidallah's counsel spent preparing this Motion were reasonably expended. In total, Obeidallah's counsel reasonably expended 557.5 hours in this case over a period of almost exactly two years.

### B. Reasonable Hourly Rate

A reasonable fee is one that is sufficient to attract competent counsel, but that does not produce windfalls for attorneys. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In determining a reasonable hourly rate, what is important is not necessarily the exact value sought by a particular firm but instead is the market rate in the venue sufficient to encourage competent representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007). The "market rate" is that which lawyers with comparable skill and experience can reasonably charge within the Court's venue. *Id.* at 618. While Latham and Chandra recorded their attorneys' expended hours the same, each firm used a different methodology to set their respective rates.

For example, Latham calculated its attorneys' hourly rates using the Rubin Committee rates. *See Linneman v. Vita-Mix Corp.*, No. 1:15-cv-748, 2019 WL 2603567, at *13 (S.D. Ohio June 25, 2019) ("Judges in the Southern District of Ohio often refer to the 1983 Rubin Committee rates and apply a 4% annual cost-of-living allowance to measure the reasonableness of fees requested.") The Rubin Committee sets pre-adjusted rates for attorneys based on their years of experience. Courts then apply a 4% annual cost-of-living adjustment. Here is a chart of the Rubin Committee market rates for the years Latham worked on this case:

4

| Rubin Committee Market Rates in Ohio | | | | |
|---|---|---|---|---|
| Years of Experience | Pre-Adjusted Rate | 2017 Adjusted Rate | 2018 Adjusted Rate | 2019 Adjusted Rate |
| Paralegals | $37.91 | $143.85 | $149.60 | $155.58 |
| Law Clerks | $23.96 | $90.91 | $94.55 | $98.33 |
| 2 or less | $61.77 | $234.38 | $243.75 | $253.50 |
| 2–4 | $71.62 | $272.04 | $282.92 | $293.92 |
| 4–5 | $82.81 | $314.21 | $326.78 | $339.85 |
| 6–10 | $96.39 | $365.74 | $380.37 | $395.58 |
| 11–20 | $113.43 | $430.39 | $447.61 | $465.51 |
| 21 or more | $128.34 | $486.96 | $506.44 | $526.70 |

When calculating the appropriate rate, Latham used 2019 as the cost-of-living adjustment. In the Court's view, the rates should be adjusted to the 2018 cost-of-living rate because most of Latham's work occurred during that year. This also accounts for the 169.9 hours worked in 2017. While the Court is aware that Latham expended a significant amount of time in 2019 (299.5 hours), any reductions that result from applying the 2018 rates to hours worked in 2019 is mitigated by also applying the 2018 rates to hours worked in 2017. To further offset any reductions, the Court will calculate the Latham attorneys' rates based on the years of experience they had in June 2019. The following chart outlines the fees that the Court awards to Latham:

| Attorneys' Fees Awarded to Latham | | | | |
|---|---|---|---|---|
| Attorney | Experience | Hours | Rate | Amount Awarded |
| Abid Qureshi | 21 years | 78.3 | $506.44 | $39,654.25 |
| Briana Clark | Clerk | 8.3 | $94.55 | $784.77 |
| Cherish Drain | 2 years | 28.8 | $282.92 | $8,148.10 |
| Chris Fawal | 7 years | 19.5 | $380.37 | $7,417.22 |
| David Zucker | 3 years | 55.3 | $282.92 | $15,645.48 |
| Jenny Wang | Clerk | 22.3 | $94.55 | $2,108.76 |
| Maureen Long | 2 years | 41.6 | $243.75 | $10,140.00 |
| Robyn Greenberg | 9 years | 43.5 | $380.37 | $16,546.10 |
| Ryan Grover | 5 years | 52.2 | $326.78 | $17,057.92 |
| Tyler Williams | 1 year | 117.1 | $243.75 | $28,543.13 |
| TOTAL | | 466.9 | | $146,042.44 |

5

In its request, Chandra Law simply reduced their normal rates to roughly reflect the Rubin Committee rates. Based on each attorney's experience, the fees requested by Chandra Law are also reasonable. Therefore, the Court awards Chandra Law attorneys' fees, as follows:

| Attorneys' Fees Awarded to Chandra Law | | | | |
|---|---|---|---|---|
| Attorney | Experience | Hours | Rate | Amount Awarded |
| Subodh Chandra | 23 years | 25.1 | $500.00 | $12,028.73[1] |
| Donald Screen | 28 years | 44.0 | $500.00 | $22,000.00 |
| S. Gupta | 13 years | 1.8 | $350.00 | $630.00 |
| P. Kabat | 5 years | 0.6 | $335.00 | $201.00 |
| P. Haney | 4 years | 0.1 | $295.00 | $29.50 |
| M. Brown | 1 year | 17.2 | $265.00 | $4,558.00 |
| Paralegal | - | 0.5 | $150.00 | $75.00 |
| TOTAL | | 89.3 | | $40,043.50 |

Accordingly, the Court awards Obeidallah's counsel a total of $186,085.94 for the 556.2 hours of work they expended.

**C. Litigation Costs**

Additionally, Obeidallah requests an award of $573.92 for costs under Federal Rule of Civil Procedure 54(d)(1) and Ohio law. Federal Rule of Civil Procedure 54(d) provides for the assessment of costs as follows: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

Under 28 U.S.C. § 1920, the Court may tax as costs any of the following:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title[.]

---

[1] The Court notes the hourly rate that Chandra Law set when preparing the current Motion is $908 per hour. To remain consistent, the Court reduces that rate to the highest hourly reasonable rate awarded to Chandra Law attorneys, *i.e.*, reduce $908 per hour to $500. As a result, the Court awards Chandra Law $658.73 for the 1.3 hours that it spent preparing the current Motion. Accordingly, the Court reduces the total award to Chandra Law by $521.27.

6

28 U.S.C. § 1920. "Before the district court, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986) (quotation marks and citation omitted). Defendants have not challenged the reasonableness of these requested costs, which do not appear excessive. Therefore, the Court awards Obeidallah $573.92 in costs.

### D. Post-judgment Interest

Finally, Obeidallah requests an award of post-judgment interest under 28 U.S.C. § 1961. Post-judgment interest serves to indemnify a successful plaintiff for being deprived compensation for his loss from the time between the court's judgment and the defendant's payment. *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36 (1990). The Court grants Obeidallah post-judgment interest at the statutory rate, from the date of judgment until the judgment is satisfied.

### IV.

In conclusion, the Court **GRANTS in PART** Obeidallah's *Motion for Attorneys' Fees and Costs*. (ECF No. 79.) Obeidallah's counsel reasonably billed 556.2 hours in this case for a total of $186,085.94 and incurred reasonable costs of $573.92. Accordingly, the Court **ORDERS** Defendants to pay Obeidallah's attorneys' fees and expenses of $186,659.86. The Court also **GRANTS** Obeidallah post-judgment interest at the statutory rate, from the date of judgment until the judgment is satisfied.

**IT IS SO ORDERED.**

7-29-2019
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7